STEVEN G. KALAR
Federal Public Defender
HANNI M. FAKHOURY
Assistant Federal Public Defender
1301 Clay Street, Suite 1350N
Oakland, CA 94612
(510) 637-3500
hanni_fakhoury@fd.org

Counsel for MARVIN JOHNSON

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>MARVIN W. JOHNSON,<br><br>                Defendant. | NO. 92-CR-497-EMC<br><br>DEFENDANT'S RESPONSE IN OPPOSITION TO UNITED STATES' MOTION TO STAY PETITION UNDER 28 U.S.C. § 2255 |

**INTRODUCTION**

Marvin Johnson opposes the government's motion to stay his 28 U.S.C. § 2255 motion pending the Ninth Circuit's resolution of *Begay v. United States*, No. 14-10080, and the resolution of the government's petition for *certiorari* in *Lynch v. Dimaya*, No. 15-1498 (petition filed June 10, 2016, seeking review of *Dimaya v. Lynch*, 803 F.3d 1110) (9th Cir. 2015)).

The requested stay is lengthy, indefinite, and may not even resolve the relevant issues in this case. This is even more true of a stay pending *Begay* and the *Dimaya* petition than the government's requested stays in other *Johnson* related § 2255 litigation pending the Supreme Court's decision in *Beckles v. United States*, for which *certiorari* has been granted.[1] Most importantly, any stay would be prejudicial to Mr. Johnson. Therefore, he respectfully requests this Court deny the government's motion for a delay.

**ARGUMENT**

**A. The Supreme Court and Ninth Circuit Have Made Clear that Judicial Economy Is Not a Reason to Stay Proceedings, Particularly in Habeas Cases.**

The government's request to stay Mr. Johnson's § 2255 motion pending *Begay* and the *Dimaya* petition for *certiorari* fails under the standard for a stay articulated by the Supreme Court in *Landis v. North America Co.*, 299 U.S. 248 (1936).

In *Landis*, the district court stayed a civil proceeding pending a Supreme Court decision in a case called *Electric Bond and Share*. The district court reasoned that "even if it should not dispose of all the questions involved" *Electric Bond and Share* "would certainly narrow the issues and assist in the determination of legal questions." *Id*. at 253. The Supreme Court recognized the inherent power of each court to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," but it nevertheless vacated the stay. *Id*. at 254, 259. Specifically, the Court held that "if there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity."

---

[1] *Beckles* involves whether the Supreme Court's decision in *Johnson* applies retroactively to the U.S. Sentencing Guidelines, an issue not implicated in Mr. Johnson's motion to vacate which concerns the validity of his convictions under 18 U.S.C. § 924(c).

*Id*. at 255.  Indeed, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."  *Id*.

Here, the government has failed to demonstrate sufficient "rare circumstances" to warrant a stay in this case.  Specifically, the only circumstance warranting a stay identified by the government is judicial efficiency.  *See* Dkt. 486, U.S. Motion for a Stay at p. 2.  Drawing on *Landis*, however, the Ninth Circuit has held that judicial efficiency alone is an insufficient basis to justify a stay.  *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Landis*) ("[W]hile it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings."); *accord Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1265 (11th Cir. 2000) ("[T]he interests of judicial economy alone are insufficient to justify such an indefinite stay.").  Thus, under the standard that applies to stay motions in civil litigation, the government has failed to show it is entitled to a stay.

In the context of habeas litigation, however, the Ninth Circuit has articulated an even higher standard that the government must satisfy when it seeks a stay.  In *Yong v. I.N.S.*, the district court was considering a habeas petition involving issues set to be considered by the Ninth Circuit in an upcoming case, and the district court *sua sponte* stayed the matter to await an opinion from the Ninth Circuit resolving the issue.  208 F.3d 1116, 1117-19 (9th Cir. 2000).  Thus, in *Yong* the district court issued a stay under essentially identical circumstances and for the same reason that the government asks for a stay here: so that the district court could await an opinion from an appellate court resolving a related issue.  *Id*.  But the Ninth Circuit held in *Yong* that the district court abused its discretion by issuing a stay in such circumstances and vacated the court's stay order.  *Id*. at 1121.

The Ninth Circuit reasoned that "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Id*. at 1120.  Specifically, because in habeas proceedings the petitioner remains in prison during the pendency of a stay, "[s]pecial solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'"  *Id*. (quoting *Fay v. Noia*, 372 U.S. 391, 400 (1963)).  "Consequently, although a short stay may be appropriate in a habeas case to

await a determination in a parallel case in the same court, or to allow a state to prepare for a retrial of a successful petitioner, we have never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case." *Yong*, 208 F.3d at 1120 (citations omitted). The Ninth Circuit worried a "long stay also threatens to create the perception that courts are more concerned with efficient trial management than with the vindication of constitutional rights." *Id*.

Here, the government is asking precisely for what the Ninth Circuit forbade in *Yong*: an indefinite, potentially lengthy stay in a habeas case purely for reasons of judicial economy, specifically to wait for an appellate court to address a related issue. The similarities between this case and *Yong* are striking. Both involve habeas relief, and in both cases a stay was sought until an appellate court ruled on an issue relevant to the petitioner's case. Moreover, like the current *Johnson* § 2255 litigation, the district court in *Yong* "was faced with a number of petitions in an evolving area of law and knew that, however it ruled, it might be required to revisit its decision if its reasoning did not comport with [a subsequent appellate court opinion]." *Id*. But, notwithstanding the evolving nature of the law at issue in *Yong*, the Ninth Circuit determined that a stay to await direction from an appellate court was improper. *Id*. So too here issuing a stay to await direction from the Ninth Circuit in *Begay* or the potential for further guidance in *Dimaya* would be improper. *Id*. at 1120-21 ("Consequently, although considerations of judicial economy are appropriate, they cannot justify the indefinite, and potentially lengthy, stay imposed here.").

**B.      *Begay* and *Dimaya* May Not Change the Law.**

The government does not explain what issue in *Begay* is relevant to Mr. Johnson's habeas petition. Presumably, the government hopes *Begay* will hold that § 924(c)(3)(B) is not unconstitutionally vague. But that position is undermined by controlling Ninth Circuit case law that the *Begay* panel has no authority to alter. In *Dimaya*, the Ninth Circuit held that the residual clause found in 18 U.S.C. § 16(b) is void for vagueness. *See Dimaya*, 803 F.3d at 1120. The language in § 16(b) is identical to that found in § 924(c)'s residual clause, 18 U.S.C. § 924(c)(3)(B). The Ninth Circuit reaffirmed *Dimaya* in *United States v. Hernandez-Lara*, when it applied *Dimaya's* holding to the U.S. Sentencing Guideline's incorporation of § 16(b) in U.S.S.G. 2L1.2. *See* 817 F.3d 651,

653 (9th Cir. 2016). Therefore, the only way for the result in *Begay* to differ from that of *Dimaya* would be for the *Begay* court to conclude that the categorical approach does not apply to § 924(c). But existing Ninth Circuit law squarely forecloses such a holding. *See United States v. Amparo*, 68 F.3d 1222, 1224 (9th Cir. 1995); *United States v. Benally*, __ F.3d __, 2016 WL 4073316, at *2 (9th Cir. Aug. 1, 2016) (citing Amparo). And because the three-judge panel in *Begay* lacks the authority to overturn *Amparo* and *Benally* (or *Dimaya*, for that matter), a stay would only be potentially useful if *Begay* were to go en banc, causing even more unreasonable delay.

Moreover, the *Begay* panel may ultimately never reach the constitutionality of § 924(c)(3)(B) at all because that case involves multiple dispositive issues other than § 924(c)'s crime of violence definition. In fact, the *Begay* panel held a thirty-minute oral argument concerning a jury instruction issue unrelated to *Johnson*.[2] That same unrelated issue is the subject of the newly sought round of briefing. *See Begay*, No. 14-10080, Dkt. 78. Another issue in *Begay* is whether second-degree murder has the sufficient *mens rea* to qualify under the force clause of § 924(c). *See Begay*, No. 14-10080, Dkt. 23 at 15-16. If the Court finds that second-degree murder is a crime of violence under the force clause of § 924(c), it will not need to consider the residual clause's continued viability.

As for *Dimaya*, which unlike *Beckles*, the Supreme Court has not decided to even review, staying proceedings while the *certiorari* petition is pending would be improper. The Ninth Circuit spoke to this precise issue in *Yong*, explaining that "[o]nce a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority." *Yong*, 208 F.3d at 1119. Thus, any stay pending a Supreme Court decision on whether to grant certiorari in *Dimaya* is improper.

---

[2] *See* Oral Argument for *Begay*, No. 14-10080, *available at* http://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000008334.

-4-
DEFENDANT'S RESPONSE IN OPPOSITION TO
UNITED STATES' MOTION TO STAY PETITION
92-CR-497-EMC

1  **C.      A stay pending *Begay* and *Dimaya* Would be Lengthy and Indefinite.**

The stay requested here would be both indefinite and lengthy. The stay here is certainly as "indefinite" as the stay was in *Yong*, in the sense that the length of the stay is uncertain.[3] Of course, the "indefinite" stay in *Yong* was not indefinite in the sense of being entirely unlimited because *Yong* was stayed to wait for a decision from the Ninth Circuit in *Ma v. Reno*. *See Yong*, 208 F.3d at 1118. *Ma* was pending in the Ninth Circuit and had been put on a highly expedited schedule. *See Ma v. Reno*, No. 99-35976, Dkt. 7 (9th Cir. Oct. 22, 1999) (expediting case, putting briefing on a highly compacted schedule, and setting oral argument for a calendar only two and a half months away). Even so, in light of the hardship to the incarcerated petitioner, even that level of delay was deemed intolerable. *See Yong*, 208 F.3d at 1120-21; *see also Dependable Highway*, 498 F.3d at 1066 ("Generally, stays should not be indefinite in nature."). A stay of less than a year is "potentially lengthy" under *Yong*. Indeed, the district court in *Yong* issued its order staying the case pending *Ma* on September 21, 1999, *see Yong v. I.N.S.*, No. CV 98-1566 WBS, Dkt. 24 (E.D. Cal. Sep. 21, 1999), and the Ninth Circuit ultimately ruled in *Ma* less than seven months later on April 10, 2000, *see Ma v. Reno*, 208 F.3d 815, 815 (9th Cir. 2000), *vacated by Zadvydas v. Davis*, 533 U.S. 678 (2001). Therefore, if a stay of less than seven months was deemed so potentially lengthy to amount to an abuse of discretion in *Yong*, so too a potential stay of nearly one year (or more) would be improper here. *See Yong*, 208 F.3d at 1120-21.

*Begay* is a textbook example of both the time a case may take to resolve and how uncertain that timing can be. *Begay* was argued before the Ninth Circuit on October 20, 2015. *See* No. 14-10080, Dkt. 54 (9th Cir. Oct. 20, 2015). The Court ordered post-argument supplemental briefing on October 22, 2015. Dkt. 55 (9th Cir. Oct. 22, 2015). Supplemental briefing was completed on March 29, 2016. Dkt. 71 (9th Cir. March 29, 2016). The case was submitted on May 26, 2016. Dkt. 76 (9th Cir. May 26, 2016). On June 28, 2016, Appellant Begay filed a motion to submit additional supplemental briefing, which the Ninth Circuit has not yet resolved. Dkt. 78. *Begay* remains pending nearly a year after oral argument, with no indication of when the Court might issue an opinion or

---

[3] *See* "indefinite," Merriam-Webster Dictionary, 2016, www.merriam-webster.com/dictionary/indefinite (defining "indefinite" as "not certain in amount or length").

1  whether that decision will be a published, precedential opinion.

As to the *Dimaya* petition for *certiorari*, the delay created will be similarly lengthy and indefinite. The petition for *certiorari* has not even been granted; the Supreme Court may never even hear the case. It could be months before the Court even decides whether to grant *certiorari*, and then an untold time for the case to be calendared. In another *Johnson*-related case, *Beckles v. United States*, the petition for *certiorari* was filed on March 9, 2016, fully briefed on May 13, 2016, and then distributed at four separate conferences before *certiorari* was granted on June 27, 2016.[4] Even if the petition for *certiorari* in *Dimaya* is granted and calendared in the October 2016 term, a decision still may not issue until June 2017, nearly a year away.

### D. A stay in this case would prejudice Mr. Johnson.

Mr. Johnson is in federal prison while awaiting the Court to rule on his on § 2255 motion, tipping the equities strongly in favor of prompt adjudication of his motion. *See Yong*, 208 F.3d at 1119. Mr. Johnson acknowledged that he is serving a life sentence and has no projected release date. But as explained in his amended motion to vacate, if the Court grants his motion, he should be resentenced on all his counts of conviction and—most critically—his three life sentences would be vacated and he could be released from prison.[5] Moreover, Mr. Johnson is 59 years old and has been in custody for 23 years. Given the difficult living conditions in prison and the fact Mr. Johnson is getting older, any delay would prejudice Mr. Johnson. That is particularly true because a stay will delay the briefing of all other relevant issues as well as any appeals on those issues filed by either party. Thus, a stay of these proceedings is not proper.

### E. Granting a stay would unconstitutionally suspend the writ of habeas corpus.

Moreover, issuance of a stay in this case would also pose constitutional concerns, implicating the Suspension Clause. *See* U.S. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require

---

[4] *See Beckles v. United States*, No. 15-8544, https://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-8544.htm.

[5] Critically, the Court could consider post-conviction rehabilitation at a new sentencing hearing. *See Pepper v. United States*, 562 U.S. 476, 481 (2011).

it."). The Ninth Circuit in *Yong* declined to reach the Suspension Clause issue because it vacated the stay on other grounds. *See Yong*, 208 F.3d at 1117. Mr. Johnson maintains, however, that issuance of a long or potentially indefinite stay of these proceedings pending *Begay* or a decision whether to grant *certiorari* in *Dimaya* would constitute an unconstitutional suspension of the writ of habeas corpus because "[t]he writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the trial courts do not act within a reasonable time." *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978); *see Boumediene v. Bush*, 553 U.S. 723, 745 (2008); *cf. Davis v. Adult Parole Auth.*, 610 F.2d 410, 414 (6th Cir. 1979).

**F.** **<u>The Ninth Circuit and district courts are rejecting stays of Johnson cases.</u>**

In the context of whether to stay *Johnson* petitions alleging improper Guidelines sentences to wait for a decision in *Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016), the Ninth Circuit and courts in this district have largely refused to stay such cases.

The Ninth's Circuit's practice concerning stays pending *Beckles* supports denying a stay in this case. Two Ninth Circuit panels initially *sua sponte* stayed applications to file second or successive § 2255 motions pending *Beckles*. *See Jacob v. United States*, No. 15-73302, Dkt. 36 (9th Cir. June 27, 2016); *Gardner v. United States*, No. 15-72559, Dkt. 39 (9th Cir. June 27, 2016). Both *Jacob* and *Gardner* subsequently moved to dissolve the stays, citing to *Landis* and *Yong*. *See Jacob*, No. 15-73302, Dkt. 37; *Gardner*, No. 15-72559, Dkt. 40. Although the government opposed lifting the stays in both cases, *see Jacob*, No. 15-73302, Dkt. 38; *Gardner*, No. 15-72559, Dkt. 41, the Ninth Circuit nevertheless lifted the stays in both cases, and granted both petitioners' applications to file second or successive § 2255 motions raising *Johnson* claims under the Guidelines notwithstanding *Beckles*. *See Jacob*, No. 15-73302, Dkt. 39; *Gardner*, No. 15-72559, Dkt. 42.

Mr. Johnson asks that this Court follow this approach and deny the instant motion for stay. Indeed, nine judges in the Northern District have denied stays in Johnson § 2255 cases.[6] Only a

---

[6] *See United States v. Vining*, CR 13-00534 CRB, Dkt. 55 (N.D. Cal. September 1, 2016) (denying stay in light of Ninth Circuit's lifting stays in *Jacob* and *Gardner*); *United States v. Watts*, CR 12-270 YGR, Dkt. 60 (N.D. Cal. August 17, 2016) (denying stay "for failure to demonstrate that such stay is warranted"); *United States v. Moss*, CR 13-211 YGR, Dkt. 48 (N.D. Cal. August 17, 2016) (same); *United States v. Ludden*, CR 12-892 YGR, Dkt. 77 (N.D. Cal. August 16, 2016) (same); *United States v. Upshaw*, CR 14-208 YGR, Dkt. 91 (N.D. Cal. August 16, 2016) (same); *United*

minority of *Johnson* cases have been stayed.[7]

The government's citations to Ninth Circuit cases granting stays pending *Begay* are unpersuasive. The two Ninth Circuit cases, *Gaytan* and *Dominguez*, are not habeas cases and therefore do not raise the considerations highlighted in *Yong*. Moreover, they have already been fully briefed and argued to the Ninth Circuit, unlike this case.

---

*States v. Coombs*, CR 11-416 SBA, Dkt. 31 (N.D. Cal. August 15, 2016) (noting that "there is a fair possibility that delay will moot some or all of the relief to which [the defendants] may be entitled."); *United States v. Felder*, CR 04-40144 SBA, Dkt 97, CR 11-00153 SBA, Dkt. 58 (N.D. Cal. August 15, 2016) (same); *United States v. Waterman*, CR 12-707 SBA, Dkt. 33 (N.D. Cal. August 15, 2016) (same); *United States v. Guidtry*, CR 12-00817 SBA, Dkt. 65 (N.D. Cal. August 15, 2016) (same); *United States v. Talley*, CR 99-40235 SBA, Dkt 50 (N.D. Cal. August 15, 2016) (same); *United States v. Gilmore*, CR 09-812 SBA, Dkt. 41 (N.D. Cal. August 15, 2016) (same); *United States v. St. James*, CR 08-304 PJH, Dkt. 84 (August 11, 2016) (denying stay because "considerations of judicial economy are outweighed by the potential prejudice to defendant"); *United States v. Roberson*, CR 12-550 PJH, Dkt. 53 (N.D. Cal. August 10, 2016) (same); *United States v. Manning*, CR 13-612 WHA, Dkt. 35 (N.D. Cal. August 8, 2016) (acknowledging the Court's previous grants of stays in *Johnson* cases but denying stay motion); *United States v. Benard*, CR 12-780 SI, Dkt. 41 (N.D. Cal. July 29, 2016) (denying stay where "there is even a fair possibility that the stay . . . will work damage to someone else" (quoting *Landis*, 299 U.S. at 255)); *United States v. Neal*, CR 10-682 PJH, Dkt. 46 (N.D. Cal. July 28, 2016) (denying government's motion for stay pending *Beckles* because "considerations of judicial economy are outweighed by the potential prejudice to defendant"); *United States v. Beane,* CR 08-260 PJH, Dkt. 42 (N.D. Cal. July 28, 2016) (same); *United States v. Rice*, CR 12-818 PJH, Dkt. 138 (N.D. Cal. July 28, 2016) (same); *United States v. Blacksher*, CR 04-30 JSW, Dkt. 61 (N.D. Cal. July 19, 2016) (denying stay pending *Beckles* "because there is more than 'a fair possibility' that a stay would prejudice [the movant]" (quoting *Landis*, 299 U.S. at 255)); *United States v. Bernard*, CR 08-463 JSW (N.D. Cal. July 19, 2016) (same); *United States v. Phillips*, CR 06-179 PJH, Dkt. 120 (N.D. Cal. July 18, 2016) (denying government's motion for stay pending *Beckles* because "considerations of judicial economy are outweighed by the potential prejudice to defendant"); *United States v. Jefferson*, CR 14-105 EMC, Dkt. 47 (N.D. Cal. July 14, 2016) (denying government's motion to stay and citing *Yong*); *United States v. Martinez*, CR 07-793 CW, Dkt. 48 (N.D. Cal. July 8, 2016) (denying stay, holding that "judicial economy is not alone enough to justify a potentially lengthy stay in habeas cases"); *United States v. Moore*, CR 10-469 CW, Dkt. 99 (N.D. Cal. July 7, 2016) (same); *United States v. Garcia*, CR 13-601 JST, Dkt. 72 (N.D. Cal. July 6, 2016) (denying government's motion for a stay pending Beckles because "such a delay might moot any relief that might be due to Defendant"); *United States v. Stamps*, CR 13-238 CW, Dkt. 57 at 11, 13 (N.D. Cal., June 29, 2016) (noting the grant of *certiorari* in *Beckles* and nevertheless vacating an unlawful career-offender sentence).

[7] *See United States v. Richardson*, No. CR 09-00624 SI, Dkt. 75 (N.D. Cal. Aug. 23, 2016) (granting stay); *United States v. Kramer*, CR 13-00710 CRB, Dkt. 50 (N.D. Cal. July 21, 2016) (same); *United States v. De La Vega*, CR 13-632 JSW, Dkt. 70 (N.D. Cal. July 20, 2016) (same); *United States v. Trujillo*, CR 10-605 WHA, Dkt. 39 (N.D. Cal. July 15, 2016) (same); *United States v. Dunlap*, CR 10-400 WHA, Dkt. 29 (N.D. Cal. July 15, 2016) (same),; *United States v. Khatib*, CR 12-193 WHA, Dkt. 67 (N.D. Cal. July 14, 2016) (same); *United States v. White*, CR 11-366 MMC, Dkt. 45 (N.D. Cal. July 8, 2016) (same); *United States v. Johnston*, CR 09-103 CRB, Dkt. 415 (N.D. Cal. July 1, 2016) (same); *United States v. Caradine*, CR 14-173 CRB, Dkt. 45 (N.D. Cal. July 8, 2016) (granting stay in the absence of defense opposition).

## **CONCLUSION**

For the reasons described above, Mr. Johnson requests this Court deny the government's motion for a stay.

DATED: September 21, 2016

STEVEN G. KALAR
Federal Public Defender

_____/s /_____
HANNI M. FAKHOURY
Assistant Federal Public Defender