FILED
2017 APR 10 P 3:51
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARVIN W. JOHNSON | ) | No. 92-CR-4a7-EMC |
| | ) | DEFENDANT'S MOTION TO |
| Defendant, | ) | DISMISS INDICTMENT UNDER |
| | ) | FRCP 12 (b) (3) (B) (V) |
| v. | ) | AND (b) (1) |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |

# TABLE OF CONTENTS

INTRODUCTION..........................................................................
STATUTES INVOLVED.............................................................
STATEMENT OF FACTS...........................................................

* Specific facts upon which each specific claim of illegal confinement is based and the relief requested;
* Any previous petitions for the dispositions taken thereon; and
* Whether any legal grounds upon which the petition is based were previously asserted at the criminal trial, or direct appeal or in any previous petition.

ARGUMENT FOR DISMISAL......

    GROUND (1)

    GROUND (2)

    GROUND (3)


CONCLUSION........ .

c

# INTRODUCTION

MARVIN JOHNSON, hereafter Petitioner, sights count(s) _1 - 3_ of the current superseding indictment currently charges petitioner with 21 U.S.C. § 812 and § 846 - conspiracy to distribute cocaine, triggering an enhancement of 18 U.S.C. § 924(c); use of firearms and destructive devices during drug trafficking crimes and crimes of violence. The Grand Jury indictment reads; **"Defendant's herein, did knowingly conspire and agree with each other, and with other persons, to distribute cocaine, a schedule II controlled substance list in 12 U.S.C. § 812"**...

However, the government cannot prove this charge because the offense of 21 U.S.C. § 846 nor § 812 carry a penalty faze; _NONE_ as explained herein, the granting of petitioner motion to vacate - set-aside - correct sentence renders the governments task unachievable, under the current law of the land, conspiracy as prescribed by 21 U.S.C. § 846 and 21 U.S.C. § 812 fails to constitute a crime punishable by law. Therefore, count(s) _All_ of the superseding indictment must be dismissed.

# STATUTES INVOLVED

21 U.S.C. § 846; Attempt and conspiracy. Any person who attempts or conspires to commit any offense defined in this title shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 812: schedules of controlled substance (a) Establishment (b) Placement or Schedules; finding required. (c) Initial Schedules of Controlled Substance [*caution for amended schedules, see 21 CFR part 1308*].

_21_ U.S.C. § 841: Prohibited Acts: A
[A.] **Unlawful Acts:** Excepted as authorized by this title, it shall be unlawful
    for any person "knowingly or intentionally."
  (1) to manufacture, distribute, or dispense or possess with intent to
    manufacture, distribute, or dispense, a controlled substance.
  (2) to create, distribute, or dispense, or possess with intent to distribute or
    dispense, a counterfeit substance.
[B.] **Penalties:** Except as otherwise provided in section 409, 418, 419, Or 420 [21
    U.S.C. § 849, 859, 860, or 861], any person who violates subsection
    (a) of this section shall be sentenced as follows...

## ARGUMENT FOR DISMISSAL

Comes now, Mr. Marvin Johnson, by *pro se*, hereby moves this honorable court, pursuant to federal rules of criminal procedure 12 (b) (3) (B) (V) and (b) (1) to dismiss count(s) __All__ alleged violation of 21 U.S.C. § 846 & § 812 for failure to state claim.

As will now be explain, the court must dismiss *ALL* count(s), and alleged violations, because the predicate offense as defined by § 846 and. § 812 do not qualify as a punishable crime as a matter of law.

As noted in prior sections, the relevant portion of § 846 & § 812 categorically fail to qualify because the offenses carry no penalties faze, and as such, are incapable of supporting a conviction due to the absence of a penalty such as § 841. Under present day law, the law of the land, an indictment must carry on this face, the punishment for each violation charged in the indictment; and the information rendered to a jury - Grand Jury for a conviction beyond a reasonable doubt.

In addition, under present day law, an indictment must have a *"Drug Quantity"* and *"Drug Type"* in order to support § 846 and others alike. None of which appear on the face, nor within the body of petitioner's 1993 superseding indictment. *"Rule 7 of F.R.C.P."* sights section (c) (3) (1) HARMLESS ERROR. stating, **"error in the citation or its omission shall not be ground for dismissal of a conviction if the error or omission did not mislead the defendant to the defendant's prejudice."** Petitioner herein sights the misleading nature of prejudice. In that, the substantial rights of the defendant are prejudice by absence of a penalty statute on the charging document used to convict him to this pending *Life Sentence*. Undue prejudice in this case amounts to the harm resulting from a defendant not being exposed to evidence that is persuasive and informative by its. nature. That in order for the defendant to mount a proper defense, to make informed decisions based on legal requirements made necessary through constitutional privilege, is a premise none may question.

*Drug Quantity* is, in today's legal environment as pertain to charging documents, is of great import. The analysis of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 2 Ed. 2d 435 (2000), defendant argues that the second superseding indictment. violates the Fifth and Sixth Amendments to the United States Constitution, F.R.C.P. 7 (c) (1) and, according to defendant require that 'any fact that increases the mandatory minimum or maximum penalty from that prescribed penalty requires the drug type and drug quantity by charged in the indictment.

Hence, because Petitioner's indictment does not specify a drug quantity, and list only a drug schedule II controlled substance; petitioner now argues that it does not provide sufficient notice of the penalty he faces at conviction (re-sentencing) many courts have supported the ideation that a drug type is not sufficient identification in an indictment. In fact, this court is one such court, "We honor the intent of congress and the requirements of due process by treating *"drug quantity and drug type,"* which fix the maximum sentence for a conviction, as we would any other material fact in a criminal prosecution; it must be charged in the indictment, submitted to the jury, subject to the rule of evidence, and proved beyond a reasonable doubt." *United States v. Buckland,* 289 F. 3d 558, 568 (9th cir.)

In Petitioner case, the argument is even greater in context because not even the words, *"detectable amount"* shows on the face nor body of his indictment, leaving the government no room to *"move"* otherwise. However, in moving to *United States v. Thomas,* and thus the ideation that drug quantity and type are not "elements of the offense, and that, therefore, they need not be included in an indictment. This point is well taken, and correct on its face. Drug Quantity and Type are not elements of the offense that a defendant necessarily admits when pleading guilty to an indictment; However, that does not in any way whatsoever, preclude the need for their inclusion.

This court has held that, the argument a guilty plea constitutes an admission to the formal elements of an offense. Holding that, drug quantity and type are not formal elements of the offense set out in 21 U.S.C. § 841. Therefore, even though due process requires that *Drug Type* be charged in indictment and proved beyond a reasonable doubt, a defendant can plead guilty to 21 U.S.C. § 841 without admitting the type of drug. *United States v. Hunt,* 656 F. 3d 906, 912 (9th cir.).

To assume that a defendant knew the type or quantity of the controlled substance, *United States v. Jefferson,* 791 F. 3d 1013, is to conflate the *"mens rea"* required of the defendant. Where by government must charge such in the indictment. In short, although the government does not need to prove the defendant knew specifically what drug he is alleged to have distributed, it must however, put the defendant on *"notice"* of what charges he actually faces by listing the drug type and quantity in the indictment. In any of the above stated, petitioner was provided with none of the needed mens rea.

Unlike the *Hunt* case, petitioner was found guilty beyond a reasonable doubt by jury trial. Yet, under today's law of the land, this fact can not be used to support an increase in the maximum statutory sentence, because on the face of the indictment used to convict petitioner carries neither, drug amount, nor penalty faze information needed to convict-sentence. An error that cannot be even amended by once again, the law of the land. see _____N/A_____????

Section § 841 (b), which does not appear on face nor body of petitioner indictment, contains numerous penalty and provisions that correspond to various types and amounts of drugs. The wide range of penalties run from a max of one year in prison to a *max of life in prison.* The district court sentenced *Mr. Hunt* under section § 841 (b)(1)(c) for *"possession with intent"* to distribute an unspecified amount of cocaine, exposing Hunt to a maximum sentence of 20 years in prison. Petitioner was sentenced to knowingly conspiring and agree with each other, and with other persons, "*to distribute cocaine,*" a schedule II controlled substance listed in 21 U.S.C. § 812. "and the same 20 years the disagreement bring, the absence of possession of any kind - drug quantity of any kind - and sales of any kid or prescribed penalty of any kind, all point to a direct miscarriage of justice.

**UNDER THE CUMULATIVE ERROR DOCTRINE**, multiple *constitutional errors*, even if each one is *harmless* when considered individually may serve as a ground for habeas relief in the *cumulative effect* is to prejudice the Petitioner. see, *Alcala v. Woodford,* 334 f. 3D 862, 893 (9th cir. 2003), *Mancuso v. Oilvarez,* 292 F. 3d. 939, 957 (9th cir. 2009), *Ceja v. Stewart,* 97 F. 3d 1246, 1254-55 (9th cir. 1996).

The Ninth Circuit has determined that it is clearly established Supreme Court precedent that the combined effect of multiple trial errors may give rise to a due process violation if it renders a trial fundamentally unfair, even where no single error considered individually rises to the level of the constitutional violation or would independently warrant reversal. *Parle v. Runnels,* 505 F. 3d 922, 928, (9th cir. 2007). The fundamental question in determining whether the combined effect of trial errors violated a defendant's due process right is whether the errors rendered the criminal defense for less persuasive, and thereby had a substantial and injurious effect or influence on the jury's verdict. see, *Parle,* 505 F. 3d at 928.

**CRIMINAL LAW AND PROCEDURE - DELIVERY - DISTRIBUTION - SALE**
**CONSPIRACY ELEMENTS**

[1.] The sale of a large volume of narcotics creates an inference of a conspiracy.

[2.] Evidence of repeat purchases providing evidence of more than a mere buyer-seller relationship.

[3.] The *Trust* involved in delivering drug quantities on credit that suggest more than a buyer-seller relationship.

[4.] To convict codefendant under 21 U.S.C. § 841 (a)(1), the government has to prove that the defendant knowingly possessed a measurable amount of heroin with the *intent* to distribute it.

> *NOTE:* None of the above noted elements appear within Petitioners 846 conspiracy conviction nor do any element of this nature appear on the face of Petitioner indictment.

The court would error under *Apprendi* in sentencing Petitioner without an underlying offense such as § 841 on the face of his indictment. Petitioner like *Mr. Hunt* never proved admitted a drug quantity, and thus the government never proved beyond a reasonable doubt to a jury the elements within the charging document of record. The indictment of record in today's legal landscape would be amended before trial or within (5) five years of conviction and sentencing. Petitioner has to date served (24) twenty-four years of his pending life sentence, thus re-sentencing now in present, under new rulings of law, this court may re-sentence petitioner to none other than time served for conviction of § 846 and § 812 of his superseding indictment. Moreover, the amount of drugs being not only unspecified but, rendering no penalty for such an offense bespeaks of gross error in today's legal environment, ensuring a defendant with a ruling from the court to correct such error.

### Circumstances where it is sufficient to state a drug type and an unspecified drug quantity or its equivalent, a detectable amount in an indictment.

For example, *United States v. Vera*, this court instructed a district court to sentence a defendant pursuant to 21 U.S.C. § 841 (b)(1)(c) because "the jury found beyond a reasonable doubt that the conspiracy involved an unspecified quantity of at least one of three (3) substances [*Heroin, Cocaine, or Cocaine Base*]. 770 F. 3d 1232, 1253 n.12 (9th cir. 2014). This court noted that drug quantity was not an element of the offense, and because the jury found beyond a reasonable doubt that the defendant participated in a conspiracy for a least one which subjected them to punishment under 21 U.S.C. § 841 (b)(1)(c), the district court could sentence the defendant(s) pursuant to that statute.

Here, however, the petitioner was never given the penalty of the underlying offense § 841 because a drug quantity was never stated. Therefore, the wide range of penalties that § 841 sights are invalid being omitted from the charging instrument.

**The report from this court states:**
[The defendant notes that the statutory maximum could be as low as one year if the drug involved was marijuana and the quantity was sufficiently small. He is correct. If those facts were proved a trial, then the defendant's exposure would be significantly limited.... The indictment [also] warns the defendant that he faces 20 years. And the very ambiguity is what *Apprendi*, *Alleyne*, and subsequent Ninth Circuit cases prohibit. Simply listing *"Schedule I and Schedule II drug"* in the indictment does not sufficiently inform defendant in this case of the possible range of sentences he faces. This concern is precisely what motivated the Supreme Court to state that [defining facts that increase a mandatory statutory minimum to be part of the substantive offense enables the defendant to predict

7

the legally applicable penalty from the face of the indictment. "*Alleyne v. United States*, 135 S. Ct. 2151, 2161, 186 L. Ed 2d 313 (2013).

Although the court in that case was concerned with mandatory minimums, the same reasoning applies here. Petitioner or any defendant must be able to determine the applicable penalty from the face of the indictment. As such, the indictment is insufficient in this case because it does not list the drug quantity; only type of drug, and zero penalties.

The proper remedy here is dismissal. To proceed with an indictment and submit the missing or omitted information to the jury, purely for sentencing purposes is erroneous. There is no present day allowance to uphold this supposition. Because the idea relies on the false assumption that because drug quantity and type are not "formal elements" of an offense, they need not be charged in an indictment *Vera*, 770 F. 3d at 1245 50 (the tainted drug quantity verdict does not affect the validity of the quantity was not an element of the charged conspiracy offense; rather, it was the functional equivalent of an element that had to be submitted to a jury and proved beyond a reasonable doubt for the purpose of sentencing alone)."

As stated before, however, it is not because drug type and quantity are elements of the offense that they are required to be in the indictment; rather, it is because they are *"material facts"* that fix the punishment the defendant faces. As such, because the indictment on petitioner case does not specify a drug amount (quantity), defendant does not have sufficient notice of the charge against him, and the indictment, as such, must be dismissed.

## SUPREME COURT JUSTICE (6) SIX AMENDMENT GUARANTEE

Petitioner agrees with justice story when he states the guarantee of trial by jury offers Securit[y] against the *"prejudice"* of judges. He was very likely referring to elements of a crime; and the best answer to Justice Scalia's implicit question in *Apprendi* - what exactly, does the *"right to trial by jury"* guarantee? It guarantees a jury's determination of facts that constitute the elements of a crime. 530 U.S., at 498-499, 120 S. Ct. 2348, 147 L. Ed 2d 435.
I repeat this point now to make clear why I cannot accept the dissent's characterization of the Six Amendment as simply seeking to prevent. *"Judicial overreaching"* when sentencing facts are at issue. At the very least, the Amendment seeks to protect defendant's against "the wishes and opinions of the government" as well. And, that being so, it seems to me highly anonymous to read *Apprendi*; as insisting that juries find sentencing facts that permit a judge to impose a higher sentence while not insisting that juries find sentencing facts that require a judge to impose a higher sentence.

Better said, to overrule *Harris* and to apply *Apprendi*'s basic jury-determination (186 L. Ed 2d 335) rule to mandatory minimum sentences would

8

erase that anomaly. Where a maximum sentence is at issue, *Apprendi;* means that a judge who wishes to impose a higher sentence cannot do so unless a jury finds the requisite statutory factual predicate. Where a mandatory minimums sentence is at issue, application of *Apprendi* would mean that the government cannot force a judge who does not wish to impose a higher sentence to do so unless a jury finds the requisite statutory factual predicate. In both instances, fact-finding must trigger the increase; in both instances jury-based fact-finding would must act as a check in the first instance, against a sentencing judge wrongly imposing the higher sentence that the judge believes is appropriate, and in the second instance, against the sentencing judge wrongly being required to impose the higher sentence that the judge believes is inappropriate...

While *Harris* has been the law for 11 years, *Apprendi* has been the law for even longer; the anomaly has come to an end in *Apprendi* applications such as Petitioner has outlines within this motion to dismiss superseding indictment. Hence, the government can neither move to oppose this motion, nor can the government force the re-sentencing judge to seek other remedies....

## CONCLUSION

Since a § 846 and § 812 categorically fail to qualify as a crime under the rule of procedure count(s) ___All___ of Superseding indictment must be dismissed.

For the foregoing reason, Mr. Marvin Johnson, Petitioner, respectfully request that the court grant this motion to dismiss criminal No. 92-497-FMS that alleged violation of 21 U.S.C. § 846 and § 812 of pending Superseding indictment..

Respectfully Submitted,

*Marvin Johnson*
Marvin W. Johnson

# CERTIFICATE OF SERVICE

I, **Marvin Johnson**, do hereby certify under penalty of perjury, 28 U.S.C. § 1746, that I have served s TRUE and CORRECT copy of the foregoing document(s).

## ATTENTION

Enclosed is a copy of this Petitioner's request motion to vacate - set aside - re-sentence under 28 U.S.C. § 2255.

Which, pursuant to *Houston v. Lack*, 487 U.S. 266, 101 L. Ed. 2d 108 S. Ct. 2379 (1988), is deemed filed at the time it was delivered to prison authorities for forwarding to the court(s) and service upon parties to litigation and/or their attorney(s) of record. I have placed the material referenced above in a properly sealed envelope with first-class (stamps) affixed and addressed it to:

**UNITED STATES DISTRICT COURT NORTHER DISTRICT OF CALIFORNIA/SAN FRANCISCO DIVISION**

And deposited said envelope [via] hand delivered to the mailroom staff at the United States Penitentiary - Pollock, LA., 71467, on this _____5_____ day of __April__ 2016.

Respectfully,

*[signature]*
Marvin W. Johnson